IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

EASTER BROWNLOW,

                Plaintiff,                Case No. 3:09 CV 1798

  -vs-

                                            <u>MEMORANDUM OPINION</u>

SHERI DUFFEY,

                Defendant.

KATZ, J.

      This action is before the Court on Petitioner's objections to the August 17, 2010, Report and Recommendation of the United States Magistrate. In accordance with *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) and *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981), and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate's findings to which the Petitioner objects. For the following reasons, the Court finds Petitioner's objections are not well taken and the same are denied. The Magistrate Judge recommended that the Court grant the Motion to Dismiss and deny the Petitioner's request for a writ of habeas corpus. For the reasons stated below, the Court now adopts the Magistrate Judge's R & R in full and denies the petition.

**I. PROCEDURAL BACKGROUND**

      The Court hereby adopts the Magistrate Judge's description of the factual background as stated in the R & R at pp. 1-3. The Court also adopts the procedural background of this case as set forward in the R & R as follows:

**II. PROCEDURAL BACKGROUND**

    A. INDICTMENT AND SENTENCING.

        On June 13, 2002, Petitioner was indicted as follows:

(1) Counts One, Two, and Three: Trafficking in crack cocaine, a violation of OHIO REV. CODE § 2925.03(A) & (C)(4)(c).

(2) Count Four: Possession of powder cocaine with firearm specification in violation of OHIO REV. CODE § 2925.11(A) & (C)(4)(d) and 2923.11.
(3) Count Five: Possession of crack cocaine with a firearm specification.
(4) Count Six: Possession of marijuana with a firearm specification.
(5) Count Seven: Having a weapon under disability as defined at OHIO REV. CODE § 2923.13 (A)(3).
(6) Count Eight: Engaging in a pattern of corrupt activity with a forfeiture specification, a violation of OHIO REV. CODE § 2923.32(A)(a) & (B)(1).
(Docket No. 7, Exhibit 1).

On October 28, 2002, a jury, after being duly impaneled, sworn and affirmed, found Petitioner guilty of all eight counts. Petitioner was sentenced as follows:

(1) Twelve months under Counts One and Seven, which are **not** mandatory terms of imprisonment.
(2) Six years under Counts Two, Three, and Four, which **is** a mandatory term of imprisonment, with a term of one year added under the firearm specification.
> (3) Six months under Counts Five and Six which are **not** a mandatory term.
(4) Eight years under Count Eight, which is **not** a mandatory term.

> The one year prison term on each gun specification as it concerns Counts Four, Five, and Six shall run concurrently to each other. The prison terms in all counts shall be served consecutively to each other for a total of 30 years.
(Docket No. 7, Exhibit 2).

B. DIRECT APPEAL.
Petitioner perfected a timely notice of appeal. On October 27, 2003, the Court of Appeals for the Third Appellate District overruled all assignments of error and affirmed the judgment of the trial court (Docket No. 7, Exhibit 6).

C. INSTITUTION OF APPEAL TO THE OHIO SUPREME COURT.
Petitioner failed to invoke the discretionary jurisdiction of the Supreme Court under S. CT. PRAC. R. II for review of her conviction. www.supremecourt.ohio.gov.

D. POST CONVICTION RELIEF
On March 20, 2008, Petitioner filed an application for reopening the appeal pursuant to APP. R. 26(B) (Docket No. 7, Exhibit 7). The Court of Appeals dismissed the application since it was filed more than ninety days after the appellate judgment was entered (Docket No. 7, Exhibit 8).

E. INSTITUTION OF APPEAL IN THE OHIO SUPREME COURT.
On May 30, 2008, Petitioner filed a notice of appeal in the Ohio Supreme Court (Docket No. 7, Exhibit 9). Upon consideration of the jurisdictional memoranda filed, the Supreme Court dismissed the case on August 6, 2008 (Docket No. 7, Exhibits 11 & 14).

  F. WRIT OF HABEAS CORPUS
   On July 31, 2009, Petitioner filed a Writ of Habeas Corpus in this Court
(Docket No. 1). Respondent filed a Motion to Dismiss (Docket No. 7).

(Doc. No. 8) (footnotes omitted).

## II. JURISDICTION

  A court must have proper jurisdiction to consider a petition for a writ of habeas corpus. A federal court has proper jurisdiction when a person is in custody pursuant to the judgment of a state court and he or she is in custody in violation of the Constitution or laws or treaties of the United States. *Leslie v. Randle*, 296 F.3d 518, 521 (6th Cir. 2002) (*citing* 28 U.S.C. § 2254 (Thomson/West 2002)).

  Petitioner satisfies the requirements for habeas jurisdiction. Petitioner was convicted in the Allen County Court of Common Pleas. She is presently confined in the Ohio Reformatory for Women as a result of that conviction; therefore, petitioner is in custody for the purposes of habeas jurisdiction.

  Petitioner's claims allege a violation of the Constitution to the extent that she has been deprived of rights guaranteed to her under the Fourth and Sixth Amendments of the United States Constitution. This Court has jurisdiction over Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## III. STANDARD OF REVIEW

  The standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), govern a federal district court's review of a state court decision on a writ of habeas corpus. *French v. Jones*, 332 F.3d 430, 435-436 (6th Cir. 2003). The statute establishes two circumstances in which a federal court may issue a writ. First, a federal court may issue a writ if the state court's decision "was contrary to, or involved an unreasonable application of

clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). Second, a federal court may issue a writ if the state court's decision was based on an unreasonable determination of the facts in light of the evidence. § 2254(d)(2).

A state court's decision is "contrary to" the clearly established federal law when either the decision contradicts the Supreme Court's holdings or it "'confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from this precedent.'" *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam)). A state court's decision unreasonably applies Supreme Court holdings "if the state court identifies the correct governing legal principle from the Supreme Court but unreasonably applies that principle to the facts of petitioner's case." *Id.* (quoting *Wiggins v. Smith*, 539 U.S. 510, 520 (internal quotation marks omitted)).

"[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). The petitioner, however, may rebut "the presumption of correctness by clear and convincing evidence." *Id.*

## IV. DISCUSSION

*A. Statute of Limitations*

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a one-year statute of limitations applies to all applications seeking a writ of habeas corpus under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). The statute of limitations runs from the latest of:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4

>   D) the date on which the final predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Bachman v. Bagley*, 487 F.3d 979, 982 (6th Cir. 2007) (*citing* 28 U.S.C. § 2244(d)(1)). A judgment becomes final for the purposes of § 2244(d)(1)(A) when certiorari is denied or the time to petition for certiorari expires. *Lawrence v. Florida*, 549 U.S. 327, 333 (2007) *(citing Clay v. United States*, 537 U.S. 522, 527-28, n.3 (2003)). Thus, a conviction becomes final when direct review concludes, not when Petitioner has exhausted all state remedies. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001).

The applicable date with regard to Petitioner is the one described in § 2244(d)(1)(A). Petitioner has not alleged or provided any evidence that supports using any of the dates described in § 2244(d)(1)(B)-(C) as the applicable date from which the statute of limitations should begin to run.

On October 27, 2003, the Court of Appeals for the Third Appellate District affirmed the judgment of the trial court. (Doc. No. 8) Petitioner failed to file within the forty-five day period required to obtain review by the Ohio Supreme Court. *See* Ohio Supreme Court Rule of Practice II, § 2(A)(1). It does not matter that the petitioner has asserted a claim for ineffective assistance of counsel in her state post-conviction petition, her conviction becomes final at the conclusion of her direct appeal, not at the conclusion of any post conviction proceeding. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). Therefore, Petitioner's direct appeal concluded on December 12, 2003 and the one-year statute of limitations under ADEPA began to run on December 13, 2003.

   *B. Equitable Tolling*

In her objections, Petitioner alleges that the statute of limitations is subject to equitable tolling because of ineffective assistance of counsel. She claims filing for post-conviction relief tolled the statute of limitations and as a result it did not begin to run until August 6, 2008; therefore,

5

by filing on July 31, 2009, Petitioner filed the petition in a timely manner. Although Petitioner makes this claim, she does not base the argument on any supporting authority.

The timeliness provisions under § 2244(d) are subject to equitable tolling in the appropriate case. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). A petitioner is entitled to equitable tolling *only* if she has been pursing her rights diligently and she encountered some extraordinary circumstances that stood in her way and prevented timely filing. *Id*. (*citing Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005)) (emphasis added). The petitioner bears the burden of persuading the court that she is entitled to equitable tolling. *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005); *Allen*, 366 F.3d at 401.

Petitioner did not pursue her rights diligently, nor did she present any evidence to the contrary. After the Third Appellate District upheld Petitioner's conviction, she failed to appeal to the Ohio Supreme Court. In March 2008 Petitioner filed for post-conviction relief. Petitioner has given no explanation for the more than four-year period in which she failed to pursue her rights. Consequently, Petitioner has not met her burden of persuading the court she is entitled to equitable tolling.

Assuming *arguendo* Petitioner has met the burden, equitable tolling would not provide the relief Petitioner is seeking. Petitioner alleges that the Ohio Supreme Court's rejection of her application for reopening the appeal pursuant to Ohio R. App. P 26(B) on August 6, 2008 began the running of the statute of limitations. (Doc. No. 9) However, Petitioner's argument is not compelling.

Under § 2244(d)(2), the running of the statute of limitations may be tolled during the pendency of a properly filed application for state post-conviction relief or other collateral relief. 28 U.S.C. § 2244(d)(2); *Lopez v. Wilson*, 426 F.3d 339, 345-46 (6th Cir. 2005) (en banc). The

reopening of an appeal under Ohio R. App. P. 26(B) based upon a claim of ineffective assistance of counsel is a collateral proceeding and not part of the direct appeal process. *Lopez*, 426 F.3d at 351-52. The distinction between direct review and collateral review is essential. *Lambert v. Warden, Ross Corr.*, 81 Fed. Appx. 1, 2 (6th Cir. 2003). Direct review delays the statute of limitations while collateral review tolls its running. *Id*. The filing of a motion for a delayed appeal only tolls the statute of limitations, it does not cause the statute to begin to run anew. *DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006).

The statute of limitations for Petitioner to file a petition for a writ of habeas corpus began to run on December 13, 2003 and expired on December 14, 2004. The statute of limitations had expired almost four years before the post-conviction relief petition was filed. Petitioner's application for post-conviction relief did not restart the statute of limitations. Therefore, by the time equitable tolling would have occurred, the statute of limitations had already expired.

## V. CONCLUSION

In accordance with the forgoing analysis, the Magistrate Judge's R & R is adopted in full (Doc. No. 8). The Respondent's motion to dismiss (Doc. No. 7) is granted and the Petition is dismissed as time barred. Furthermore, the Court has determined *sua sponte* that no certificate of probable cause should issue in this case as any appeal would lack substantial merit.

IT IS SO ORDERED.

                  s/ *David A. Katz*
                 DAVID A. KATZ
                 U. S. DISTRICT JUDGE